## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **TAYLOR CHARLES and** | § | |
| **ROBERT HEARNE and** | § | |
| **DAVID A. REED** | § | |
| | § | |
| **VS.** | § | **CAUSE NO.** ___1:17cv339___ |
| | § | |
| **K-PATENTS, INC.** | § | |
| | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TAYLOR CHARLES, ROBERT HEARNE, and DAVID A. REED, hereinafter referred to as Plaintiffs, complaining of Defendant K-PATENTS, INC. ("Defendant") and for cause of action, Plaintiffs would respectfully show the COURT as follows:

## I.      PARTIES

1.      Plaintiff Taylor Charles is and at all relevant times a resident of Texas.

2.      Plaintiff Robert Hearne is and at all relevant times a resident of Texas.

3.      Plaintiff David A. Reed is and at all relevant times a resident of Texas.

4.      Defendant K-Patents Inc., is a Finland corporation, conducting business in Texas, and may be served with process through its agent for service, Christina M. Swehla at its Regional Headquarters located at 1804 Centre Point Circle Suite 106 Naperville, IL 60563.

## II.      JURISDICTION AND VENUE

5.      This Honorable Court has jurisdiction over this action pursuant to Title 28 U.S.C. § 1332(a). The parties herein are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

6.      Pursuant to 28 U.S.C. section 1391, venue in the Eastern District of Texas is proper. The Defendant has sold, and received profits from the sale of defective products in this District. The Defendant has caused tortious injury by acts or omissions in the District and/or caused tortious injury in the District by acts or omissions outside this District.

### III.    FACTUAL BACKGROUND

7.      On December 29, 2016, Plaintiffs as employees of the International Paper facility (Orange County, Texas) were installing Defendant's K-Patents Safe-Drive Process Refractometer ("K-Patents products") in a black liquor pipeline ("the pipeline") when the K-Patents  products failed causing hot black liquor to be released injuring Plaintiffs. The K-Patents products were designed, manufactured, marketed, labeled, and sold by Defendant for safe installation and operation while the pipeline is under full process pressure. Plaintiffs' employer purchased the K-Patents products because the K-Patents products were expressly warranted, marketed, and represented as safe for use and installation while the line was under operation pressure.

8.      Plaintiffs while installing the K-Patents products in the pipeline followed the instructions and specifications provided by Defendant.   As a result of the December 29, 2016 incident, Plaintiffs have suffered severe burns to their bodies and/or orthopedic injuries.

### IV.    CAUSES OF ACTION

### A.  PRODUCTS LIABILITY—GENERAL NEGLIGENCE

9.      Plaintiffs reallege and incorporate by reference each allegation contained in paragraphs 1 through 8 above and further alleges as follows.

10.     Defendant in manufacturing or distributing the above mentioned K-Patents products had a duty to Plaintiffs to do so in a reasonable manner and to ensure that the products were not defectively designed, manufactured, marketed, and/or labeled.

11.     Defendant breached this duty when they placed the defective K-Patents products into the stream of commerce either with knowledge or negligently unaware of its defective nature and propensity to cause harm to individuals such as Plaintiffs.

12.     As a direct and proximate result of Defendants' negligence, the defective and dangerous K-Patents products have caused harm and injury to Plaintiffs.

13.     Wherefore, Plaintiffs pray for damages as set forth below.

## B.     STRICT PRODUCTS LIABILITY

14.     Plaintiffs reallege and incorporate by reference each allegation contained in paragraphs 1 through 13 above and further alleges as follows.

15.     Defendant, at all times relevant to this action, engaged in the business of designing, manufacturing, marketing, distributing, and selling the K-Patents products into the stream of commerce.

16.     Defendant knew and intended the K-Patents products to be purchased by consumers like International Paper without inspection for defects.

17.     The K-Patents products in question were unreasonably dangerous and defective at the time they were designed, manufactured, distributed, sold, and/or supplied.

18.     The defects in the K-Patents products in question included defects in design, manufacture, marketing, labeling, instructions and warnings.  The K-Patents products in question

were in a defective condition at the time they left the control of the Defendant and at the time they came into the control of the Plaintiffs.

19.     The defective conditions of the K-Patents products in question, which made them unreasonably dangerous for use by the general public, International Paper employees, and Plaintiffs, arose because of a miscarriage in the manufacturing process and/or because of their defective design and/or because of their failure to adequately warn or instruct the general public, International Paper employees, and Plaintiffs about K-Patents products defects and hazards.

20.     The defects in the K-Patents products in question were a producing cause of the incident, injuries and damages sustained by the Plaintiffs.

21.     Plaintiffs are informed and believe, and thereon, allege that Defendant:

(a)     knew or should have known that the K-Patents products designed, manufactured, marketed, distributed, sold, or supplied by Defendant were defective and dangerous in the manner alleged above;

(b)     knew or should have known that because of the defect, the K-Patents products could not safely be used for the purposes for which they were intended.

(c)     knew or should have known that the K-Patents products were defective and dangerous, and in conscious disregard of the safety of the general public, consumers, and Plaintiffs, placed them in the stream of commerce without warning customers or the unknowing general public, or Plaintiffs, of the defect;

(d)     knew or should have known that when the K-Patents products were placed in the stream of commerce, they would be sold to and used by the general public, consumers, and Plaintiffs, without inspection for defects; and

22.     Defendant, in designing, manufacturing, marketing, distributing, selling, and supplying the K-Patents products, had a duty to Plaintiffs to do so in a reasonable manner and to ensure that the K-Patents products were without defect.  Defendant breached these duties by placing the defective K-Patents products into the stream of commerce when they knew or reasonably should have known of the K-Patents products' defective nature and or its propensity to cause harm to individuals such as Plaintiffs.

23.     By placing the defective K-Patents products in the stream of commerce, Defendant impliedly represented that they were safe for the purpose for which they were intended.   As a direct and proximate result of Defendants' conduct in the designing, manufacturing, marketing, distributing, selling, or supplying of the defective and dangerous K-Patents products, Plaintiffs have been injured.

24.     Wherefore, named Plaintiffs pray for damages as set forth below.

### C.     PRODUCTS LIABILITY—DEFECT IN DESIGN, MANUFACTURE, and ASSEMBLY

25.     Plaintiffs reallege and incorporate by reference each allegation contained in paragraphs 1 through 24 above and further alleges as follows.

26.     The K-Patents products that are the subject of the instant action were not reasonably fit, suitable, or safe for their intended use by reason of a defect in their design, manufacture, or assembly, which caused them to be unreasonably dangerous.

27.     The defect in design, manufacture, or assembly existed at the time Defendant placed the K-Patent products into the stream of commerce.

28.     The K-Patents products were used in their intended and reasonably foreseeable way when they caused injury to Plaintiffs.

29.     As a direct and proximate result thereof, Plaintiffs have been injured and damaged.

30.     Wherefore, named Plaintiff prays for damages as set forth below.

### D.     PRODUCTS LIABILITY—FAILURE TO WARN OF DANGER IN USE OF PRODUCT

31.     Plaintiffs reallege and incorporate by reference each allegation contained in paragraphs 1 through 30 above and further alleges as follows.

32.     At all relevant times the K-Patents products manufactured or distributed by Defendant were defective as a result of the fact that they were unreasonably dangerous and defective.  Defendant failed to give adequate warning that installing the K-Patents products in accordance with the instructions and specifications provided by Defendant rendered the product unsafe for its intended or reasonably foreseeable use.

33.     Plaintiffs allege that at all relevant times Defendant had specific knowledge of the risks related to the ordinary, foreseeable, and intended use of those K-Patents products or should/could have known of those risks by the application of scientific and industry knowledge available at the time of the manufacture of the K-Patents products.

34.     At all times herein mentioned, Defendant knew the K-Patents products were defective in all manners herein alleged, that in all likelihood the defective K-Patents products would produce a injurious result in normal use and that such result was potentially life threatening to each individual to whom the products were sold.  Notwithstanding this knowledge, Defendant failed to give any notice to the purchasers, and instead placed and persisted in placing the K-Patents products into the stream of commerce, thus causing them to harm Plaintiffs.

35.     Had Plaintiffs known of the risks involved with these K-Patents products, they would not have purchased Defendants' products.

36.     As a direct and proximate result of Defendant's failure to warn, these defective and unreasonably dangerous products were purchased by International Paper for use by Plaintiffs causing Plaintiffs harm and injury.

37.     Wherefore, named Plaintiffs pray for damages as set forth below.

## E.     PRODUCTS LIABILITY—BREACH OF WARRANTY

38.     Plaintiffs reallege and incorporate by reference each allegation contained in paragraphs 1 through 37 above and further alleges as follows.

39.     Defendant breached such warranties by providing the K-Patents products to International Paper and Plaintiffs when these products were not safe and not fit for the purposes intended.

40.     The K-Patents products in question were not altered by Plaintiffs.  The K-Patents products were defective when they left the exclusive control of Defendant, and Defendant knew the products would be used without additional inspection by the general public, consumers and Plaintiffs.  The products were not safe for the purposes intended and Plaintiffs did not receive the goods as warranted.

41.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiffs have been injured and damaged.

42.     Wherefore, named Plaintiffs pray for damages as set forth below.

## F.     GROSS NEGLIGENCE

43.     Plaintiffs reallege and incorporate by reference each allegation contained in paragraphs 1 through 42 above and further alleges as follows.

44.     Plaintiffs will further show that the acts and/or omissions of Defendant, when viewed objectively from Defendant; standpoint, involve an extreme degree of risk considering the probability and magnitude of the potential harm to others, namely those on the work site. Defendants' had actual subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiffs.

45.     Defendant knew or should have known of the risk or risks associated, and Defendants' actions and omissions constitute gross negligence and malice as those terms are understood by law. Therefore, Plaintiffs pray that punitive damages be awarded against Defendant. Plaintiffs would show that nothing Plaintiffs did, or failed to do, in any way contributed to this incident.

### G.     TEXAS DECEPTIVE TRADE PRACTICES ACT

46.     Plaintiffs reallege and incorporate by reference each allegation contained in paragraphs 1 through 45 above and further alleges as follows.

47.      Plaintiffs are a consumer under the Texas Deceptive Trade Practices Act because Plaintiffs are consumers who acquired goods or services by purchase. Plaintiffs would further show that Defendant is guilty of deceptive trade practices as defined in §17.46 of the Act in the following particulars:

48.      Representing that goods and services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

49.      Representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model, if they are of another;

50.     Failing to disclose information concerning information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction which the consumer would not have entered into had the information been disclosed;

51.     Breach of various expressed and/or implied warranties, specifically including those alleged above;

52.     Defendant was engaged in an unconscionable action according to both the Uniform Commercial Code and the Texas Deceptive Trade Practices Act, including but not limited to, those items outlined here and above and hereinafter.

## V.     DAMAGES

53.     Plaintiffs plead for the following elements of damages for the injuries they suffered:

a.     Physical pain and suffering in the past;

b.     Physical pain and suffering in the future;

c.     Mental anguish in the past;

d.     Mental anguish in the future;

e.     Lost wages;

f.     Loss of earning capacity in the past;

g.     Loss of earning capacity in the future;

h.     Disfigurement in the past;

i.     Disfigurement in the future;

j.     Physical impairment in the past;

k.     Physical impairment in the future;

l.      Reasonable and necessary medical bills in the past; and

m.      Future medical bills.

n.      Loss of consortium in the past.

o.      Loss of consortium in the future.

## VI.      **EXEMPLARY DAMAGES**

54.      Furthermore, Plaintiffs would show that Defendant may have shown such needless and reckless disregard for the welfare and safety of others to be guilty of gross negligence, and malice, therefore, Plaintiffs seek punitive damages against said Defendant.

## VII.      **JURY TRIAL DEMAND**

55.      Pursuant to Fed.R.Civ.P. 38, Plaintiffs hereby respectfully request trial by jury.

## VIII.      **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendant as follows:

1.      For special damages according to proof;

2.      For general damages according to proof;

3.      For punitive and exemplary damages in causes of action B, C, D, F, and G, the bases for which will be proven at trial.  Said exemplary or punitive damages are due and awardable pursuant to the actions of Defendant described above, including wanton and reckless acts of commission and omission, and outrageous and malicious conduct, in an amount in favor of Plaintiffs, as a multiple of Plaintiffs' compensatory damages, all totaled to an amount sufficient to punish said Defendant so as to deter it and others like it from similar wrongdoing;

4.      Pre-judgment and Post-judgment interest as allowed by law;

5.      For Plaintiffs' attorneys fees and costs of suit incurred herein; and

6.      Such further legal and equitable relief as this court may deem proper.

Respectfully submitted,

PROVOST ★ UMPHREY LAW FIRM, L.L.P.
490 Park Street
P. O. Box 4905
Beaumont, Texas  77704
(409)835-6000 - telephone
(409)813-8609 – facsimile
gfisher@pulf.com
jfisher@pulf.com

By:  /s/ Guy G. Fisher
        GUY G. FISHER
           State Bar No. 07051010
        JOE J. FISHER, II
           State bar No. 00787471

ATTORNEYS FOR PLAINTIFF

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

/s/ Guy G. Fisher
GUY G. Fisher